UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SHERRY TOMASON, et al., and others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>R.T. STANLEY, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:  Civil Action No.: 6:13-cv-42<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**JOINT MOTION FOR ENTRY OF CONSENT ORDER AND FLSA FAIRNESS DETERMINATION**

Plaintiffs, Opt-In Plaintiffs, and Defendants have reached an agreement to resolve the claims asserted in this lawsuit by consent order. The terms of the parties' agreement are reflected in the proposed consent judgment attached as Exhibit A. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties request a fairness determination as to the Fair Labor Standards Act claim, [Count II, Doc. 102 at 18], approval of their settlement, and entry of the attached consent order. *Id.* at 1353 ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). The Eleventh Circuit has emphasized, as recently as last year, that the parties' agreement and motion for a stipulated judgment must be a joint one. *Nall v. Mal-Motels, Inc*., 723 F.3d 1304, 1308 (11th Cir. 2013) (reversing approval of settlement where "The court did enter a judgment approving the settlement, but it was not a stipulated one.").

1

A FLSA fairness determination is appropriate here, where both parties are represented by counsel who have engaged in arm's-length negotiations. *Id.* at 1354; *Burroughs v. Honda Mfg. of Ala., LLC*, 2014 U.S. Dist. LEXIS 31578, at *17 (N.D. Ala. Feb. 6, 2014) (approving settlement where case "ha[d] been a seriously litigated matter, in which plaintiffs' counsel has actively represented and advised [the plaintiffs]"); *Stahl v. MASTEC, Inc.*, 2008 U.S. Dist. LEXIS 33858, at *8 (M.D. Fla. Apr. 23, 2008) (considering, *inter alia,* arm's-length negotiations); *Marshall v. Good Vocations, Inc.*, 2013 U.S. Dist. LEXIS 13480, at * 2-3 (S.D. Ga. Jan. 31, 2013) (same). The parties have evaluated the expense and risks associated with continuing litigation and have determined that the settlement terms reflected in the proposed consent judgment are in their best interest. *Stahl*, 2008 U.S. Dist. LEXIS 33858, at *8.

Here, the parties exchanged informal settlement offers over a number of months and subsequently participated in a more than twelve hour mediation. The parties disputed the amount of uncompensated time each Plaintiff was owed. Reconstructing hours worked for each Plaintiff was difficult and a subject of dispute between the parties. From Plaintiffs' perspective, this was difficult because for most time periods no record of Plaintiffs' hours worked was maintained and because many Plaintiffs were employed without any formal record of their work. Plaintiffs used Plaintiffs' deposition testimony of their hours worked and the existing pay records for some Plaintiffs to calculate average damages for Plaintiffs and Opt-ins who do not appear on Defendants' records. Using Plaintiffs' methodology, the unpaid minimum wages with liquidated damages owed to all Plaintiffs and Opt-ins was $83,566.70. The consent judgment provides 56%, based on Plaintiffs' calculations. In other words, it provides the full recovery of back wages and a very modest amount of liquidated damages. From Defendants' perspective,

Plaintiffs were not the employees of Defendant and the back wages and liquidated damages sought by Plaintiffs far exceeded Defendants' calculations of back wages and liquidated damages.

In addition to the FLSA back wages, the consent judgment provides $35,704.07 to compensate Plaintiffs for their claims under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), including $13,668.74 in actual damages for failure to pay the H-2A contractual hourly wage rate, and $22,035.33 for statutory damages for violations of the transportation, labor contractor licensing, working arrangement and record keeping AWPA provisions.  In addition the AWPA claims were resolved through Defendants' agreement to take numerous specific detailed steps to correct past practices.

The consent judgment also provides $10,000 for fees and costs to be retained by Plaintiffs' counsel. Ex. A at ¶ 2. The amount of fees was significantly reduced.

Plaintiffs believe that this settlement represents a fair compromise of their FLSA claims. The consent judgment provides Plaintiffs significant monetary and nonmonetary benefits and the reductions made are appropriate given the disputes in establishing Plaintiffs' actual hours worked. The non-monetary settlement terms, including promises to accurately record hours worked, to raise piece rates and, regardless of piece rate, to compensate all workers at the higher hourly H-2A wage rate, to offer rehire to all Plaintiffs and advertise positions throughout the community, and to provide safe, inspected transportation for local workers are changes that will directly benefit returning Plaintiffs and were consideration for Plaintiffs in accepting less than full damages.

The parties' settlement of the FLSA claims contained in Count II "represents a

reasonable compromise of disputed issues." *Lynn's Food Stores*, 679 F.2d at 1353-54.

Accordingly, the parties request that the Court approve the fairness of this settlement and enter the attached proposed Consent Judgment approving their settlement.

Respectfully submitted this _19th__ day of June, 2014

| | |
|---|---|
| ___s/ Larry Stine _____ | __s/ Dawson Morton_____ |
| J. Larry Stine | Dawson Morton |
| Georgia  Bar No. 682555 | Georgia Bar No. 525985 |
| WIMBERLY, LAWSON, STECKEL, | Georgia Legal Services Program, Inc. |
| SCHNEIDER & STINE, P.C. | 104 Marietta Street, Suite 250 |
| Suite 400, Lenox Towers | Atlanta, GA 30303-2706 |
| 3400 Peachtree Road, N.E. | Tel.: 404-463-1633 |
| jls@wimlaw.com | Fax: 404-463-1623 |
| | |
| Attorney for Defendants | Attorney for Plaintiffs |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have on this _19th__ day of June, 2014, electronically filed with the Clerk of the Court the foregoing JOINT MOTION FOR ENTRY OF CONSENT ORDER AND FLSA FAIRNESS DETERMINATION. The Court using the CM/ECF system will send notification of such filing to the following:

>J. Larry Stine
>Ray Perez
>Kathleen Jennings
>WIMBERLY, LAWSON, STECKEL,
>SCHNEIDER & STINE, P.C.
>Suite 400, Lenox Towers
>3400 Peachtree Road, N.E.
>Atlanta, Georgia 30326
>jls@wimlaw.com
>rp@wimlaw.com
>kjj@wimlaw.com
>
>Counsel for Defendants

_____s/ Dawson Morton_____
Counsel for Plaintiffs